UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

**ELIZABETH L. PERRIS**                1001 S.W. FIFTH AVENUE, # 700          DIANE K. BRIDGE, LAW CLERK
BANKRUPTCY JUDGE                       PORTLAND, OREGON 97204                BETHANY COLEMAN-FIRE, LAW CLERK
                                              (503) 326-1536

**TRANSMITTED VIA ECF**

September 7, 2012

Heather A. Brann
Gary U. Scharff
621 SW Morrison Street Ste. 1300
Portland, OR  97205

Dwain M. Clifford
Ball Janik LLP
101 SW Main St., Ste. 1100
Portland, OR  97204

    Re:  Williams, Love, O'Leary, and Powers v. Brann,
         Adv. No. 11-3279
         Sterling's Motion to Quash

Dear Counsel:

    At the hearing on September 6, 2012, on Sterling Savings Bank's Motion to Quash, I indicated that I would rule in writing on Sterling's objection to the scope of the subjects listed in Brann's Rule 30(b)(6) subpoenas to Jane Doe Attorney and Corey the Auditor.

    After reviewing Brann's Counterclaims #14 and 15 against Sterling and the list of topics in both subpoenas, I conclude that many of the topics are either too broad, not sufficiently delimited in time, and/or are improper.  Brann may inquire on the following topics set out in her subpoena to Jane Doe Attorney, limited in time to the period from the time WLOP stopped paying Brann until February 21, 2012 (when Brann asserted her claims against Sterling):

1. All communications between "JANE DOE ATTORNEY" and personnel of Williams, Love, O'Leary & Powers, PC ("WLOP"), related to indebtedness of WLOP or its shareholders and Sterling, to the extent those communications relate to Brann or what expenses WLOP would be allowed to pay.

2. Any changes in WLOP's accounting treatment of Brann from a co-counsel fee split to unsecured debt, who had the idea to make the change, and how the change was executed.

3. Sterling's position with respect to WLOP making payments to co-counsel on the Pain Pump files or the HRT files.

4. Sterling's analysis on WLOP making payments to co-counsel identified in #3.

5. Sterling's communications with WLOP regarding what WLOP could do with funds that were proceeds of Pain Pump or HRT cases.

6. Any analysis performed by Sterling about which co-counsel or other lawyers WLOP could pay, when, and why such person would or would not be allowed to be paid.

7. Any specific settlement proposals presented to Sterling by WLOP, either directly, by Burt or any other agent of WLOP, or through attorney Jane Doe, to the extent that the proposals relate to directing what expenses WLOP could pay, including payment of co-counsel, and Sterling's acceptance or rejection of any such proposals.

The topics for Corey the Auditor must be similarly limited.

As discussed at the hearing, the objection to the subpoena based on the timing of the requested deposition is moot. The Rule 30(b)(6) subpoena should not be directed to any particular person; it must allow Sterling to designate the appropriate person to provide the requested deposition testimony.

Mr. Clifford should submit an order granting his motion to quash in part and denying it in part as set out above.

Very truly yours,

*Elizabeth L Perris*

ELIZABETH L. PERRIS
Bankruptcy Judge