# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700  
PORTLAND, OREGON 97204  
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK  
BETHANY COLEMAN-FIRE, LAW CLERK

September 10, 2012

Heather A. Brann  
Gary U. Scharff  
621 SW Morrison Street Ste. 1300  
Portland, OR 97205

Dwain M. Clifford  
Ball Janik LLP  
101 SW Main St. Ste. 1100  
Portland, OR 97204

      Re: <u>Williams, Love, O'Leary, & Powers v. Brann</u>,  
           Adv. No. 11-3279  
           Motion to Compel Discovery (Adv. Docket 210)

Dear Counsel:

    On September 6, 2012, Heather Brann filed a Motion to Compel Discovery in this adversary proceeding. I have concluded that I can rule on the motion without hearing. The purpose of this letter is to explain my ruling.

    Brann's motion is unclear about what relief she seeks, which makes ruling on the motion more difficult. She says that Sterling Savings Bank has refused to produce Rule 30(b)(6) witnesses for deposition, but then in her concluding paragraph she asks the court to issue an order requiring production of documents and requiring Sterling to produce three of its agents for deposition in Oregon. Because Brann did not attach a copy of the request for discovery that she made, which she apparently seeks to compel, it is difficult to determine exactly what she has asked for and what the dispute is. Because Brann attached Sterling's Objection to Brann's Subpoena to her declaration in support of her motion, I will assume that the subpoena she seeks to enforce is the one to which Sterling responded.

    I first question Brann's use of a subpoena to obtain the production of documents. Sterling is a party; discovery is governed by Rules 26 through 37. In particular, requests for production of documents are governed by Rule 34, which provides the receiving party 30 days to respond to requests. Subpoenas are generally used to obtain production of documents and other discovery matters from non-parties. Use of the subpoena on a

party for no apparent reason appears to be an attempt to circumvent the discovery rules.

Nonetheless, I will address Brann's arguments. First, she argues that her service of the subpoena was proper. According to Sterling's response, Brann sent the subpoena via electronic mail to Sterling's counsel, but did not send it electronically or otherwise to Sterling. In light of the fact that Sterling did not move to quash this subpoena when it moved to quash the other two subpoenas that Brann served at about the same time, and Sterling has responded with its substantive objections to the requests for production, I conclude that Sterling's objection to any failure to properly serve, if service was improper, has been waived. It is clear that Sterling received the subpoena regardless of how it was provided.

Next, Brann argues that Sterling's blanket privilege assertion is improper and that it must provide a privilege log containing sufficient information to assess the claim of privilege. Although ordinarily I would agree, the requests to which the privilege is asserted, Requests B and C, specifically ask for "any and all legal opinions, decisions, recommendations, and internal discussions." Thus, by its very terms the requests relate to documents that would ordinarily be subject to the attorney-client or work product privilege. Therefore, a privilege log would not seem helpful.

The real issue is whether Sterling must provide documents relating to legal advice regarding Sterling's rights in relation to Brann's assertion of an attorney's lien. It is true that, when a party intends to use privileged matter as evidence, the privilege is waived "as to all privileged matters on the same subject." Wright and Miller, <u>Federal Practice and Procedure</u> § 2016.6 (2010). Brann argues that Sterling defends its actions in relation to her by arguing that Sterling could protect its security interest by all possible means. By claiming that its conduct was legal, Brann argues, Sterling has put at issue its advice of counsel.

I disagree. Sterling's actions were either legal or illegal, regardless of what legal advice Sterling got. If Sterling intends to rely on the advice of counsel for some showing that the means or purpose behind its actions were not improper, then it will have to produce documents relating to that legal advice. It is not clear to me whether Sterling will defend

Heather A. Brann
Gary U. Scharff
Dwain M. Clifford
September 10, 2012
Page 3

by claiming that it got legal advice authorizing the action. Sterling needs to indicate whether it intends to rely on advice of counsel in defending against Brann's claims for intentional interference and, if so, produce documents relating to that advice.

    Brann does not make any specific arguments regarding any of Sterling's other objections to her requests for production. Nor has Sterling sought to quash the subpoena. That indicates to me that the parties can work out any other disagreements about the subpoena. To the extent this subpoena involves issues similar to the ones dealt with through Sterling's motion to quash that was heard on September 6, 2012, production under this subpoena should be limited in the same way as the limitations I put on production under those two subpoenas.

                                  Very truly yours,

                                  ELIZABETH L. PERRIS
                                  Bankruptcy Judge