## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700  
PORTLAND, OREGON 97204  
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK  
BETHANY COLEMAN-FIRE, LAW CLERK

September 11, 2012

Heather A. Brann  
Gary U. Scharff  
621 SW Morrison Street Ste. 1300  
Portland, OR 97205

Albert N. Kennedy  
Tonkon Torp LLP  
1600 Pioneer Tower  
888 SW Fifth Ave.  
Portland, OR 97204

      Re:    Williams, Love, O'Leary, & Powers, PC,  
             Case No. 11-37021-elp11  
             Claims #17 & #18  
             Williams, Love, O'Leary, & Powers, PC v. Brann,  
             Adv. No. 11-3279  
             Brann's Counterclaims #11 & #12

Dear Counsel:

    In her Motion for Clarification, Ms. Brann requested that the court allow her Claim #17 for Tier 2 fees, now that the issue of the appropriate postpetition interest rate has been resolved. In reviewing the files in the main case and adversary proceeding, I determined that there are some loose ends that should be cleaned up to make resolution of the remaining matters more efficient.

1.    Tier 2 Fees

    A.    Objection to Claim #17

    Although the Confirmation Order is not the appropriate vehicle for dealing with Claim #17, it appears that the issues in dispute surrounding Claim #17 and debtor's objection to it have been resolved, and it is time for the court to enter an order allowing the claim.

    The allowable claim is the amount due as of the petition date. That includes the principal and any accrued prepetition interest. The rate of postpetition interest has nothing to do with allowance of the claim; the postpetition rate is what is

payable on the allowed claim under the plan. I have determined that the plan properly provides for interest at the federal judgment rate.

Therefore, the question is whether the issues regarding the principal and prepetition interest have been resolved. As I understand it, the parties do not dispute that the Tier 2 fees are owing to Brann in the amount of $239,790. Nor do the parties dispute that, pursuant to the terms of the parties' agreement, interest is due on that amount at 9% up to the date of debtor's chapter 11 petition, which was August 14, 2011. It also appears that the parties agree that amount of prepetition interest at 9% should be 211 days x $59.13 per day. Debtor calculates that amount to be $12,475.65. Debtor's Memorandum Regarding Claims 17 and 18 of Heather A. Brann at 2 (Adv. Docket 158). Brann says she agrees, but then sets out the amount of interest at $12,745.65. Reply Memorandum on Tier 3 Trigger Date at 5 (Adv. Docket 169). By my calculation, 211 x $59.13 equals $12,476.43.

Because the parties appear to agree about the amount of principal due on Claim #17 as well as the calculation of the amount of interest due as of the petition date, debtor's objection to the claim is ready for ruling. It appears to me that the claim should be allowed as an unsecured claim in the amount of $252,266.43 ($239,790 plus $12,476.43). Unless a party files an objection, setting out the grounds therefore, within 7 days of the date of this letter, I will enter an order allowing the claim as unsecured in that amount. Entry of an order allowing the claim will entitle Brann to payment on Claim #17 as provided under the plan.

If I enter an order allowing the claim as set out above, the evidentiary hearing currently set for October 1, 2012, on Claim #17 will be removed from the calendar.

B.  <u>Adversary Counterclaim #11</u>

Brann's Counterclaim #11 is a claim for account stated for Tier 2 fees. The counterclaim seeks a determination that Brann is owed $239,790 for Tier 2 fees plus interest from January 16, 2011. This is the same claim as Claim #17, discussed above. It differs from Claim #17 in that Brann seeks attorney fees on this claim pursuant to ORS 20.105.

Heather A. Brann
Gary U. Scharff
Albert N. Kennedy
September 11, 2012
Page 3

     In light of my determination that Brann's Claim #17 should be allowed in the amount set forth above, her Counterclaim #11 is ready for ruling, except for her request for attorney fees.[1] However, because Brann's right to attorney fees is a legal issue, I am prepared to rule on that issue and thereby resolve her Counterclaim #11 in its entirety.

     First, Brann did not assert a right to attorney fees as part of her Claim #17, which is the same claim as is asserted in this counterclaim.

     Even assuming that Brann's failure to claim attorney fees in connection with her proof of claim is not fatal, the request for attorney fees is procedurally deficient. As I have already explained in connection with this adversary proceeding, "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Fed. R. Bankr. P. 7008(b). Brann did not plead her request for attorney's fees as a separate claim or counterclaim; she merely included it as an allegation of her counterclaim.

     Procedural deficiencies aside, Brann is not entitled to attorney fees on this counterclaim on the merits. ORS 20.105 provides for an award of attorney fees in a civil action in circuit court or the Oregon Tax Court, or in a civil appeal to or review by the Oregon Court of Appeals or Supreme court, if the court finds that the party willfully disobeyed a court order or had no objectively reasonable basis for asserting a claim or defense or ground for appeal. This adversary proceeding is not a civil action in the circuit court, Oregon Tax Court, or an appeal in the Oregon appellate courts. Therefore, Brann is not entitled to attorney fees under that statute.

---

    [1] It is not clear whether Brann is arguing that this court lacks jurisdiction to adjudicate these counterclaims against debtor. To the extent she is making that argument, she is wrong. Both Counterclaims #11 and #12 seek liquidation of claims against the estate, which is a core proceeding over which the bankruptcy court has jurisdiction and on which the court has the authority to enter a final judgment. 28 U.S.C. § 157(b)(2)(B). This is not a dispute such as that addressed in Stern v. Marshall, 131 S.Ct. 2594 (2011).

Therefore, unless a party files an objection within 7 days of the date of this letter, I will consider resolution of the objection to Claim #17 to also be a resolution of Brann's Counterclaim #11, and will enter an order in the adversary proceeding declaring Counterclaim #11 is resolved as follows: the amount of Tier 2 fees and interest is $252,266.43 and attorney fees are denied. If I enter this order, I will remove the October 1, 2012, hearing on Counterclaim #11 from the court's calendar.

2. <u>Tier 3 Fees</u>

   A.  <u>Objection to Claim #18</u>

My understanding is that the principal amount of the Tier 3 fees is not in dispute; Brann's proof of claim shows $479,580 as of the petition date; debtor's objection to the claim seeks allowance of $479,580 as an unsecured claim.

I have already ruled that the claim is unsecured. Therefore, the only remaining dispute is over when the right to payment accrued, which begins the running of interest on the claim. It appears from the parties' arguments that neither asserts that the Tier 3 fees were triggered prepetition. Because they were triggered postpetition, there is no prepetition interest at the contract rate that needs to be determined to allow the claim. The claim will be allowed as unsecured in the amount of $479,580, which is the agreed amount of principal. The objection to Claim #18 will be removed from the court's October 1, 2012, calendar.

   B.  <u>Adversary Counterclaim #12</u>

Counterclaim #12, which seeks a declaration regarding Tier 3 fees, essentially duplicates Claim #18, except that the counterclaim asserts a right to attorney fees under ORS 20.105. As I discussed in connection with Brann's Counterclaim #11, she is not entitled to attorney fees under ORS 20.105.

The only remaining dispute relating to Counterclaim #12 is the date on which the postpetition interest began to run. The hearing on the trigger date issue is set for October 1, 2012. I point out to the parties that the postpetition interest rate that will apply to this claim is the federal judgment interest rate, not the contract rate, as explained in my letter ruling on

Heather A. Brann
Gary U. Scharff
Albert N. Kennedy
September 11, 2012
Page 5

confirmation of debtor's Chapter 11 plan.[2]  In light of the low interest rate that currently applies, the parties might consider whether it would make sense to reach a compromise regarding the trigger date rather than litigating it.

Once the trigger date is determined, either through litigation or by agreement, I will enter an order declaring that Brann is entitled to Tier 3 fees in the principal amount of $479,580, with postpetition interest at the federal judgment interest rate from the trigger date forward.  I will deny the request for attorney fees.

3.   Brann's Motion for Rule 54(b) Judgment

On June 12, 2012, Brann filed a Motion for Rule 54(b) Judgment as a Matter of Law on Counterclaims #11 (Tier 2 fees) and #12 (Tier 3 fees) (Adv. Docket 135).

Fed. R. Civ. P. 54(b) does not give a party a right to judgment; it merely provides that, if a party is entitled to a final judgment on one or more but not all claims asserted, the court may direct that final judgment be entered on those claims if it determines that there is no just reason for delay.

I have already indicated that I will enter an order on Counterclaim #11 for Tier 2 fees, absent any objection.  I will enter an order on Counterclaim #12 for Tier 3 fees as soon as the trigger date is determined.  I do not intend to enter a final judgment in the adversary proceeding on those counterclaims.  Claims #17 and #18, which assert the same contract claims, will be allowed by separate final orders in the main case.

4.   Conclusion

Claim #17 will be allowed as an unsecured claim in the amount of $252,266.43, absent an objection by a party no later than 7 days after the date of this letter.

---

[2]  Brann's argument that she is entitled to the contract rate of interest on this claim and that the rate is 9% is moot in light of the court's decision as part of confirmation that unsecured creditors will receive interest at the federal judgment interest rate.

    Claim #18 will be allowed as an unsecured claim in the amount of $479,580.

    I will enter an order in Brann's favor on Counterclaim #11 as described above, but denying attorney fees.

    I will defer entering an order on Counterclaim #12 until the trigger date is determined. The hearing on the trigger date will remain on the calendar for October 1, 2012. When the trigger date is determined, I will enter an order declaring that Brann is entitled to Tier 3 fees in the amount of $479,580 plus interest at the federal judgment interest rate as of the trigger date. I will deny the request for attorney fees on this counterclaim.

    I will deny Brann's Motion for Rule 54(b) Judgment.

    The court's hearing on October 1, 2012, will proceed on the issue of the Tier 3 trigger date, unless the parties advise the court in writing that they have reached an agreement as to the date.

                            Very truly yours,

                              ELIZABETH L. PERRIS
                              Bankruptcy Judge